# IN THE COURT OF APPEALS OF IOWA

No. 15-0245
Filed June 15, 2016

**HARVEY LEE RICKS III,**
　　　Applicant-Appellant,

**vs.**

**STATE OF IOWA,**
　　　Respondent-Appellee.
_____

Appeal from the Iowa District Court for Polk County, Dustria A. Relph,
Judge.

Harvey Ricks appeals the district court's denial of his postconviction-relief
application. **AFFIRMED.**

Julia A. Ofenbakh of Ofenbakh Law Firm, P.L.L.C., Des Moines, for
appellant.

Thomas J. Miller, Attorney General, and Linda J. Hines, Assistant Attorney
General, for appellee State.

Considered by Vaitheswaran, P.J., and Doyle and Mullins, JJ.

**VAITHESWARAN, Presiding Judge.**

Harvey Ricks was found guilty of possession of a simulated controlled substance with intent to deliver following the discovery of small rocks within a cigarette package in his pocket. The cigarette package was not produced at trial.

This court affirmed Ricks' judgment and sentence. *State v. Ricks*, No. 11-0594, 2012 WL 3026526 (Iowa Ct. App. July 25, 2012). Ricks filed a postconviction-relief application alleging in part that his trial attorney was ineffective in "failing to investigate" the missing cigarette package and in "failing to ask for a . . . spoliation instruction." The postconviction court denied the application following a hearing. Ricks appealed.

To succeed on his ineffective assistance of counsel claim, Ricks must show that (1) his trial "counsel's performance was deficient" and (2) this failure resulted in prejudice. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). "If we conclude a claimant has failed to establish either of these elements, we need not address the remaining element." *Dempsey v. State*, 860 N.W.2d 860, 868 (Iowa 2015). Our review is de novo. *Id.*

Ricks asserts that "[a]t issue in this case is a mysterious, uninvestigated disappearance of a key piece of evidence, a cigarette pack." In fact, the cigarette pack had little or no bearing on the case. According to defense counsel, Ricks indicated "the cigarette package did not belong to him, that it had never been in his left front pocket, that when the officer handcuffed him and placed him into the police car, he felt it as he sat down on the seat." Ricks' trial strategy rested on denying possession and ownership of the cigarette package. With this strategy in mind, little would have been gained by production of the cigarette package.

Notably, Ricks acknowledged his fingerprints would have been on the package when he testified he handed it to the arresting officer after feeling it on the seat of the police car.

The cigarette package also would have done little to weaken the State's proof of the "intent to deliver" prong of the charge. For this prong, the State relied on the fact that some of the rocks were placed in small tied-off plastic bags, a common method of packaging drugs for individual sale. The cigarette pack was simply the housing for these packages.

Notwithstanding the marginal relevance of the cigarette pack, Ricks contends his attorney should have "introduced the fact that the cigarette package was missing and questioned the witnesses on its loss." His attorney did so. He asked the arresting officer, "Where is the cigarette pack now?" The officer responded, "I have no idea, sir." He also asked a State criminologist, "Did anyone send a cigarette pack over for you to analyze at all?" She answered, "Not that I am aware of in reference to this case."

Ricks also argues his attorney should have requested a spoliation instruction. *See State v. Langlet*, 283 N.W.2d 330, 333 (Iowa 1979) ("The intentional destruction of evidence . . . is usually referred to as spoliation. When it is established, the fact finder may draw the inference that the evidence destroyed was unfavorable to the party responsible for its spoliation."). His attorney cogently explained why such an instruction was unnecessary. Although the attorney assumed the police would "bring the cigarette package" to trial, he did "not recall any indication that the cigarette package itself had been destroyed." In any event, he "didn't think that the actual package itself was that

relevant . . . [b]ecause it was just the box that . . . what was alleged to be fake crack cocaine . . . was in." Later, he stated, "I didn't think that tampering was an issue in this case." At the time of trial, he did not think "[t]here was enough to ask for" an instruction. While he acknowledged in hindsight there could have been enough to seek an instruction, he reiterated that the defense strategy was based on denying ownership of the package.

We conclude defense counsel did not breach an essential duty with respect to his handling of cigarette package issues at trial. We affirm the district court's denial of Ricks' postconviction-relief application.

**AFFIRMED.**